■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MARINO, Appellant. — Judgment unanimously affirmed. Memorandum: The trial court did not abuse its discretion in denying defendant's motion for a mistrial. The trial court properly sustained defendant's objection to the receipt of testimony as to an allegedly incriminating statement not contained in the People's CPL 710.30 notice (*People v Anderson*, 80 AD2d 33; *People v Iveys*, 67 AD2d 349) and granted defendant's motion to strike. Curative instructions requested by defendant's attorney were properly given. No objection was made at trial as to the adequacy or sufficiency of the court's curative instructions. None of the alleged errors requires reversal. (Appeal from judgment of Supreme Court, Monroe County, Bergin, J. — criminal possession of weapon, third degree.) Present — Callahan, J. P., Denman, Boomer, Green and Schnepp, JJ.

■ MARGARET M. SCHARNWEBER, Appellant, v KARL H. SCHARNWEBER, Respondent. — Order unanimously reversed, without costs, and matter remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Special Term erred in relieving Karl Scharnweber of his obligation to pay alimony to Margaret Scharnweber. The court found that an unrelated male was living in the former marital residence in violation of an agreement incorporated in the divorce decree. The record does not support the court's finding. On the contrary, the evidence established that they do not share household expenses or a bedroom and do not function as an economic unit (see *Brown v Brown*, 122 Misc 2d 849; *Kaplan v Kaplan*, 186 Conn 387; cf. *Northrup v Northrup*, 43 NY2d 566). Accordingly, the order is reversed and the matter remitted for a determination of the accrued support to which Margaret Scharnweber is entitled. (Appeal from order of Supreme Court, Erie County, Ricotta, J. — contempt arrearages.) Present — Callahan, J. P., Denman, Boomer, Green and Schnepp, JJ.