■ GEORGIANNA TRICOLES, Appellant, v CHRISTOPHER TRICOLES, Respondent. [609 NYS2d 261] —In a matrimonial action in which the parties were divorced by judgment dated August 30, 1982, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Kutner, J.), dated October 11, 1991, as, after a hearing, (1) granted the defendant's motion to direct the sale of the former marital residence, (2) terminated the defendant's obligation to pay spousal maintenance, and (3) denied her application for an upward modification of maintenance.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff contends that the Supreme Court erred in concluding that she had forfeited her right to maintenance and exclusive occupancy of the marital residence because she had "remarried" as defined by the parties' stipulation of settlement. We disagree. It is well settled that the parties to a matrimonial agreement may "condition a husband's obligation to support his wife solely on her refraining from living with another man without the necessity for the husband to also prove that she habitually holds herself out as the other man's wife as Domestic Relations Law § 248 requires" *(Scharnweber v Scharnweber,* 65 NY2d 1016, 1017, *affg* 105 AD2d 1080). Contrary to the plaintiff's contention, the parties' stipulation of settlement, which defined remarriage to include either "the establishment by the plaintiff of a relationship tantamount to

that contemplated by Section 248 of the Domestic Relations Law", or "cohabitation with an unmarried male adult for a period of six months", permitted the Supreme Court to find that she had "remarried" through cohabitation with an unmarried male without an additional showing that she held herself out as that man's wife pursuant to Domestic Relations Law § 248. Moreover, the plaintiff's admissions that she and her boyfriend had lived together and shared a bedroom in the marital residence for a continuous period in excess of six months, and that her boyfriend contributed to household expenses on a weekly basis, were sufficient to demonstrate "remarriage" based upon her "cohabitation with an unmarried male adult for a period of six months" (cf., Lefkon v Drubin, 143 AD2d 400; Salas v Salas, 128 AD2d 849; Scharnweber v Scharnweber, supra).

We have examined the plaintiff's remaining contentions, and find that they are without merit. Thompson, J. P., Santucci, Krausman and Florio, JJ., concur.