■ PETER SALLY, Appellant, v MILDRED SALLY, by NIKI MAGEE, as Conservator, Respondent. [638 NYS2d 832] —Casey, J.

At issue in this appeal is whether Supreme Court erred in interpreting the provisions of a stipulation entered into in a prior divorce action. Plaintiff originally obtained a default judgment in the divorce action, but the judgment was set aside due to the mental incompetency of plaintiff's wife. Defendant was appointed as the wife's conservator, and the parties entered into an oral stipulation in open court which modified a separation agreement that had been previously executed by plaintiff and his wife. Based upon the grounds specified in Domestic Relations Law § 170 (6), a judgment of divorce was thereafter entered. The separation agreement, as modified by the terms of the oral stipulation, was incorporated but not merged in the judgment.

When a dispute subsequently arose regarding plaintiff's obligation to provide medical insurance coverage for his former wife pursuant to the terms of the stipulation, plaintiff commenced this plenary action for declaratory relief. Defendant sought, *inter alia*, enforcement of the judgment of divorce and an order holding plaintiff in contempt for failing to obey the judgment. Supreme Court denied defendant's motion for contempt, but directed that plaintiff pay for health insurance coverage for his former wife. The order also specified the extent of the coverage. Plaintiff appeals.

When the oral stipulation was placed on the record in the prior divorce action, plaintiff's employer provided health and hospitalization insurance which covered plaintiff's wife as a dependant. In its original form, the stipulation clearly and unambiguously provided that if plaintiff and his wife are divorced and if the insurance coverage provided by plaintiff's employer is no longer available to the wife for any reason, "subsequent policies covering [the wife] having the same coverage as heretofore provided, shall be initiated and * * * [p]laintiff will be required to pay the requisite premiums which shall be considered as maintenance". In a purported effort "to elaborate and elucidate the stipulation that was read into the record with regard to health and hospitalization coverage", the parties added the following language to their stipulation:

"[I]t is acknowledged by the parties that COBRA is a protection for divorced spouses wherein for three years following the entry of any judgment of divorce, the responsible spouse will be required to maintain what is in effect a major medical insurance policy.

"Under those circumstances * * * [p]laintiff herein acknowledges that responsibility and will be solely responsible for the payment of that premium for the three-year period.

"With regard to the standard hospitalization policy that was referred to in the stipulation * * * [p]laintiff will be solely responsible for the payment of those premiums up to 13 years, which is the length of time of the marriage, or until the remarriage of the [wife], whichever event shall first occur."

COBRA refers to Federal legislation which was enacted to provide employees and qualified beneficiaries who are covered by an employment-related group health care plan with the opportunity to elect continuation of the coverage at the group rate after some qualifying event, including divorce (*see*, 29 USC § 1161). Both parties contend that the stipulation is clear and unambiguous. According to plaintiff, his obligation to provide health insurance coverage for his former wife termi-

nated at the end of the three-year COBRA period and thereafter his only obligation was to provide a standard hospitalization policy for an additional 10 years. Defendant contends that pursuant to the original language of the stipulation, plaintiff was obligated to obtain "subsequent policies covering [his former wife] having the same coverage as heretofore provided". According to defendant, the COBRA coverage was a subsequent policy and upon termination of COBRA coverage at the end of the three-year period, plaintiff was obligated to obtain another subsequent policy to continue the coverage "heretofore provided".

We disagree with the parties' claim that the stipulation is clear and unambiguous. The language which was supposed to "elaborate and elucidate" clearly planted the seeds for this dispute, and the use of a hastily formulated oral stipulation to resolve the complex issues inherent in the substitution of medical insurance coverage for maintenance in a matrimonial action provided the perfect medium for the seeds to sprout. The language which refers to COBRA and its three-year period contains no express provision for either the termination or the continuation of health insurance coverage at the end of the three-year period. The likelihood of such an omission would have substantially decreased had the stipulation been reduced to writing and had the parties and their attorneys carefully examined the written language before agreeing to its terms. Nevertheless, inasmuch as the stipulation is an independent contract, it is subject to the principles of contract interpretation (see, *Rainbow v Swisher*, 72 NY2d 106, 109).

Despite the existence of an ambiguity in the terminology used, interpretation of a contract involves a question of law for the courts to resolve unless resolution of the ambiguity depends upon extrinsic evidence (see, *Hudson-Port Ewen Assocs. v Chien Kuo*, 165 AD2d 301, 303, *affd* 78 NY2d 944). Neither party presented extrinsic evidence which could be relevant to the resolution of the ambiguity created by the omission of an express provision for continuation or termination of health insurance coverage at the end of the three-year COBRA period. Nor does it appear that any such extrinsic evidence exists. The parties merely offer their own interpretations of the stipulation, which we view as nothing more than expressions of uncommunicated subjective intent, which are insufficient to create a question of fact (see, *Wells v Shearson Lehman/Am. Express*, 72 NY2d 11, 24). We conclude, therefore, that Supreme Court did not err in interpreting the stipulation without holding an evidentiary hearing.

Based upon our reading of the stipulation as a whole, including both the original language and the "elaborat[ing] and elucidat[ing]" language, we conclude that plaintiff's obligation to provide health insurance coverage did not terminate at the end of the three-year COBRA period. The original language clearly obligated plaintiff to continue both health and hospitalization coverage without a specific time limit, an obligation which was to be considered as maintenance. We do not read the COBRA provision as modifying that obligation. Instead, we read the provision as the parties' recognition that COBRA is applicable for a three-year period and that plaintiff's payment of the COBRA premiums will constitute compliance with his entire insurance obligation for that period. There is nothing in the COBRA provision which would terminate any part of plaintiff's obligation to provide "subsequent policies covering [his former wife] having the same coverage as heretofore provided". Had the parties intended to limit plaintiff's obligation to provide health insurance to a specific number of years, they would have done so, as they did for the hospitalization insurance obligation.

We note that Supreme Court's order makes the 13-year limitation imposed by the stipulation on plaintiff's obligation to provide hospitalization insurance applicable to the obligation to provide health insurance as well. In the absence of an appeal by defendant, there is no basis to modify this aspect of the order. Supreme Court's order also sets forth in specific terms the scope of the health insurance coverage that plaintiff must provide. Inasmuch as the stipulation refers only to "the same coverage as heretofore provided", the specific terms appear to be unwarranted. Plaintiff, however, does not claim that the specific terms included in the order exceed the scope of the coverage "heretofore provided". Plaintiff's only claim is that after expiration of the COBRA period his only obligation is to provide hospitalization coverage. Having rejected that argument, we will affirm Supreme Court's order.

Cardona, P. J., Mercure, Crew III and White, JJ., concur. Ordered that the order is affirmed, without costs.