■ CARL C. PESA, Respondent, v IRENE PESA, Appellant. [646 NYS2d 558] —In a matrimonial action in which the parties were divorced by judgment dated May 18, 1992, in which the provisions of a separation agreement were incorporated but not merged, the defendant appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Suffolk County (Leis, J.), dated July 7, 1995, which, *inter alia,* granted that branch of the plaintiff's motion which was to terminate his obligation to pay maintenance.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant contends that the Supreme Court erred in concluding that she had forfeited her right to maintenance because she had "remarried" as defined by the parties' separation agreement. We disagree. It is well settled that the parties to a matrimonial agreement may condition a husband's obligation to support his wife solely on her refraining from living with another man without the necessity of the husband also proving that she habitually holds herself out as the other man's wife as Domestic Relations Law § 248 requires (*see, Scharnweber v Scharnweber,* 65 NY2d 1016, 1017).

Here, the parties' separation agreement defined remarriage to include circumstances whereby the wife "habitually live[d] with an unrelated male, not her Husband". The record provided adequate support for the Supreme Court's conclusion that the plaintiff had "remarried" through habitual cohabitation with an unrelated male.

The defendant's remaining contention is without merit. O'Brien, J. P., Sullivan, Joy and McGinity, JJ., concur.