■ Richard C. Smith, Appellant, v Ruth F. Smith, Respondent. [650 NYS2d 842] —Crew III, J. Appeal from an order of the Supreme Court (Dier, J.), entered November 1, 1995 in Warren County, which denied plaintiff's motion to terminate his maintenance obligation.

In October 1985, the parties entered into an oral stipulation, pursuant to the terms of which plaintiff agreed to make monthly maintenance payments to defendant until the occurrence of certain specified events, including defendant's cohabitation with another man. This stipulation was incorporated, but not merged, into the parties' subsequent judgment of divorce. In August 1995 plaintiff, believing that defendant indeed was cohabitating with another man, moved for termination of his maintenance obligation. Supreme Court, noting that plaintiff had failed to establish, in accordance with Domestic Relations Law § 248, that defendant was holding herself out as another man's wife, denied plaintiff's motion. This appeal by plaintiff followed.

There must be a reversal. Domestic Relations Law § 248 permits a court, in its discretion, to modify the terms of a final judgment of divorce and annul those provisions granting maintenance to a wife upon proof by a husband that "the wife is habitually living with another man and holding herself out as his wife". It is well settled, however, that "the parties to a matrimonial agreement may condition a husband's obligation to support his wife solely on her refraining from living with another man without the necessity of the husband also proving that she habitually holds herself out as the other man's wife as Domestic Relations Law § 248 requires" (*Pesa v Pesa*, 230 AD2d 837; *see, Tricoles v Tricoles*, 202 AD2d 574; *cf., Scharnweber v Scharnweber*, 65 NY2d 1016, 1017), which is precisely what occurred here. The oral stipulation at issue plainly provided that plaintiff would continue to make maintenance payments to defendant until, among other things, "[defendant's] [c]ohabitation * * * with another man" (*compare, Sitarek v Sitarek*, 179 AD2d 1064).* In view of plaintiff's averments in this regard, Supreme Court should have conducted a plenary hearing on this issue. Accordingly, the order must be reversed and the matter remitted to Supreme Court for this purpose.

Cardona, P. J., Mikoll, Mercure and Peters, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

FOURTH DEPARTMENT, NOVEMBER, 1996

(November 8, 1996)

---

* The mere fact that we are confronted with an oral stipulation, as opposed to a written separation agreement, is of no moment. An oral stipulation, which has been incorporated but not merged into a judgment of divorce, exists as an independent contract (*see generally, Sally v Sally*, 225 AD2d 816, 818).