■ PETER A. SALLY, Respondent, v NIKI MAGEE, as Conservator for MILDRED SALLY, Appellant. [679 NYS2d 170] —Carpinello, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered July 2, 1997 in Saratoga County, which, *inter alia,* granted defendant's motion to modify a judgment of divorce.

Plaintiff's wife, Mildred Sally (hereinafter Sally), attempted suicide several days after they entered into a separation agreement in April 1986. The suicide attempt left Sally mentally and physically disabled requiring defendant, her sister, to be appointed her conservator. On September 29, 1987, the parties, with counsel, entered into an open-court stipulation modifying the separation agreement with the intent that the agreement, as modified, be incorporated but not merged into a judgment of divorce. Pursuant to that stipulation, defendant waived certain equitable distribution claims and traditional spousal maintenance in exchange for plaintiff's promise to provide Sally with health insurance and hospitalization coverage for a period of 13 years.

Although plaintiff now disputes the extent of the marital assets to which defendant waived any claim, it is clear that plaintiff was earning at least $45,000 annually at the time of the stipulation and Sally was unemployable. By agreeing to provide Sally with medical coverage in lieu of traditional maintenance, plaintiff was relieved of a considerable legal obligation, especially in light of Sally's impaired health. For three years after the stipulation, Sally was covered under a COBRA policy through plaintiff's employment. At the end of the COBRA period, plaintiff had the option of enrolling Sally in a comparable plan under a conversion feature of the COBRA policy which would have provided her with similar coverage. However,

the election was not made within the 31-day time period because a dispute was then pending between the parties over the extent of plaintiff's obligation to Sally for the remaining 10 years of the 13-year period. This dispute was resolved by a November 1994 court order which required plaintiff to pay for "all health, medical, dental, psychiatric, neurological, and other health conditions for Mildred Sally" for this 10-year period, including "any condition that may be deemed 'pre-existing' by any insurance carrier". This order was affirmed on a prior appeal to this Court (225 AD2d 816).

When it became apparent that no insurance carrier would provide the ordered health insurance coverage because of Sally's preexisting conditions,[1] defendant applied for an order modifying the judgment of divorce pursuant to Domestic Relations Law § 236 (B) (9) (b) to require plaintiff to pay her $85,471, a sum which defendant contends is the cash equivalent of the court-ordered insurance premiums. Supreme Court granted defendant's motion but directed that plaintiff pay only $17,826, based upon calculations provided by his certified public accountant. This appeal by defendant ensued.

The sole issue is whether Supreme Court properly determined the amount that defendant should receive in lieu of the ordered insurance coverage. Upon review of the record, we agree with defendant that Supreme Court erred by adopting the calculations of plaintiff's accountant. Supreme Court's November 1994 order required plaintiff to provide Sally with medical coverage and hospitalization insurance for "any condition that may be deemed 'pre-existing' by any insurance carrier". At the time he entered into the stipulation, plaintiff was aware of Sally's medical condition and undoubtedly knew that her health insurance would be far more expensive than coverage for an otherwise healthy individual of similar age. Nevertheless, plaintiff's accountant calculated annual premiums based upon an insurance policy that Sally never would have qualified for given her preexisting physical and psychological conditions. Since equivalent coverage was available to plaintiff under the conversion feature of the COBRA policy, it is the cost of *that policy* that more accurately quantifies his legal obligation.

The conversion policy contained three separate options and stated that "[t]he benefits are the same for all three major conversion plans with the exception of the deductible amounts".

---

1. Sally is apparently eligible for Medicare because of her disability, a fact, however, which should not inure to plaintiff's benefit to relieve him of his legal obligations.

The record contains a schedule of premiums which varied depending on whether the participant chose a yearly deductible of $200, $500 or $1,000, with the highest premium charged for the policy with the lowest deductible. Although defendant requested compensation based upon the most expensive plan ("Plan 200"), we find this unnecessary given the fact that the benefits are equivalent for all three plans. If plaintiff had chosen the least expensive plan ("Plan 1000") for the applicable time period, he would have been obligated to pay $40,029.36 in premiums.[2] Accordingly, this is the base amount to which defendant is entitled. Furthermore, since Supreme Court's prior order required that plaintiff pay *all* of Sally's medical expenses for this period, she is entitled to an additional $10,000 to compensate for 10 yearly deductibles of $1,000 each. Thus, defendant is entitled to a total award of $50,029.36.

Finally, although Supreme Court discounted the total cost of the less expensive policy on the assumption that it would be nondeductible by plaintiff for income tax purposes (contrary to the intent of the separation agreement), we find no legal support for this assumption in the record (*see,* 26 USC § 71 [b]; § 215 [a] [b]). Accordingly, we find no reason to discount the amount.

Mercure, J. P., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the order is modified, on the law and the facts, with costs to defendant, by directing plaintiff to pay $50,029.36 to defendant as spousal maintenance for Mildred Sally; and, as so modified, affirmed.

---

2. The $40,029.36 amount is broken down according to the schedule contained in the record taking into account Sally's age at the appropriate times: seven years of quarterly payments of $936.69 ($936.69 x 4 = 3,746.76 x 7 = $26,227.32) plus another three years of quarterly payments of $1,150.17 (1,150.17 x 4 = $4,600.68 x 3 = $13,802.04).