■ Alvin Stein, Respondent-Appellant, v Arlene Stein, Appellant-Respondent. [690 NYS2d 709] —In a matrimonial action in which the parties were divorced by a judgment entered August 27, 1985, (1) the defendant former wife appeals, by permission, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Dunne, J.), dated August 13, 1998, as (a) denied her application for an award of counsel fees, (b) denied her cross motion for modification of the repayment schedule of existing arrears in maintenance, and (c) directed a hearing to aid in the determination of the plaintiff former husband's motion to terminate the payment of maintenance and arrears, and (2) the plaintiff former husband cross-appeals from so much of the same order as directed a hearing to aid in the determination of his motion to terminate the payment of maintenance and arrears.

Ordered that the notice of cross appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is modified by deleting the provision thereof directing a hearing to aid in the determination of the plaintiff's motion to terminate the payment of maintenance and arrears, and substituting therefor a provision granting the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine the amount of counsel fees to be awarded to the plaintiff.

The defendant contends that the plaintiff failed to demonstrate that she forfeited her right to maintenance under the stipulation of settlement because she established a residence with an adult male to whom she was not married or related by blood or marriage for a period of six consecutive months, or for a cumulative period of nine months in a consecutive twelve-month period. We disagree. "It is well settled that the parties to a matrimonial agreement may condition a husband's obligation to support his wife solely on her refraining from living with another man without the necessity of the husband also

proving that she habitually holds herself out as the other man's wife as Domestic Relations Law § 248 requires" (*Pesa v Pesa*, 230 AD2d 837; *see, Scharnweber v Scharnweber*, 65 NY2d 1016). Upon our review of the record, we find that there was sufficient evidence demonstrating that the defendant resided with an unrelated male for either of the requisite periods set forth in the stipulation of settlement. Accordingly, there is no need for a hearing to aid in the determination of the plaintiff's motion.

The plaintiff paid $59,200 in maintenance after making his motion. Therefore, since "[h]e is entitled to recoup this payment by a credit offsetting any arrears" (*Grossman v Merke-Grossman*, 248 AD2d 670, 671), and since it is undisputed that as of the date of the hearing arrears totaled only $28,300, the payment of arrears in maintenance is also terminated.

Pursuant to paragraph 22.4 of the agreement of the parties dated June 20, 1985, the party who prevails in litigation to enforce the agreement shall be entitled to recover reasonable attorney's fees from the other party. Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing to determine the appropriate amount of counsel fees to be awarded to the plaintiff.

The defendant's remaining contentions are without merit. O'Brien, J. P., Goldstein, Luciano and Schmidt, JJ., concur.