# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**893**

**CA 11-00714**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

COLLEEN MASTROCOVO, FORMERLY KNOWN AS COLLEEN
CAPIZZI, PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

JOEL CAPIZZI, DEFENDANT-APPELLANT.

---

CLAIR A. MONTROY, III, ORCHARD PARK, FOR DEFENDANT-APPELLANT.

---

Appeal from a judgment and order (one paper) of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered June 21, 2010 in a postjudgment divorce action. The judgment and order denied the application of defendant to be relieved of his maintenance obligation and awarded plaintiff a money judgment for maintenance arrears.

It is hereby ORDERED that the judgment and order so appealed from is unanimously modified on the law by granting the relief sought in the order to show cause with respect to maintenance and judgment is entered in favor of plaintiff for maintenance arrears in the amount of $1,413.38, and as modified the judgment and order is affirmed without costs.

Memorandum: By order to show cause, defendant sought, inter alia, to modify a judgment of divorce by terminating his maintenance obligation based on plaintiff's cohabitation with another man. Supreme Court denied the relief sought in the order to show cause with respect to maintenance and awarded judgment to plaintiff for maintenance arrears in the amount of $9,015.38. It appears from the record that the order to show cause sought other relief as well. As per the CPLR 5531 statement, however, only the issue of maintenance is before us on this appeal. The parties' property settlement agreement (agreement), which was incorporated but not merged into the judgment of divorce, required defendant to pay maintenance of $1,000 per month for 4½ years or until "the death of either party, remarriage of the wife or the *continued cohabitation* of the wife as defined in Domestic Relations Law § 248" (emphasis added). There is no dispute that plaintiff lived with her boyfriend in a rental home since August 2008, approximately one year before defendant filed the order to show cause. Plaintiff otherwise had no separate residence from that of her boyfriend, and they shared a bedroom.

Following an evidentiary hearing, the court denied defendant's order to show cause with respect to maintenance. The court determined that defendant, to establish grounds for termination of maintenance,

was required under the agreement to prove that plaintiff cohabitated with another man *and* held herself out as the other man's wife. We conclude that the court erred in denying the order to show cause with respect to maintenance because defendant was required to prove only that plaintiff cohabitated with another man.

"It is well settled that the parties to a matrimonial agreement may condition a husband's obligation to support his wife solely on her refraining from living with another man without the necessity of the husband also proving that she habitually holds herself out as the other man's wife as Domestic Relations Law § 248 requires" (*Pesa v Pesa*, 230 AD2d 837). Here, as noted, the parties' agreement provides for termination of maintenance upon plaintiff's "continued cohabitation" with another man, and there is no requirement therein that plaintiff hold herself out as the other man's wife. Although plaintiff is correct that the agreement refers to Domestic Relations Law § 248, which in turn refers to "proof that the wife is habitually living with another man and holding herself out as his wife, although not married to such man," we conclude that the reference in the agreement to section 248 is solely for the purpose of defining *cohabitation*. Indeed, it is clear that there are two prongs under the statute, and that habitually living with another man is a prong that is separate and distinct from the second prong of holding oneself out as the other man's wife (*see Matter of Bliss v Bliss*, 66 NY2d 382, 387; *Northrup v Northrup*, 43 NY2d 566, 570-571; *Armas v Armas*, 172 AD2d 1084). "The absence of proof in a particular case does not justify an inference that cohabitation alone manifests a holding out" (*Northrup*, 43 NY2d at 571).

"Under the standard canon of contract construction expressio unius est exclusio alterius, that is, that the expression of one thing implies the exclusion of the other" (*Matter of New York City Asbestos Litig.*, 41 AD3d 299, 302), the fact that the agreement refers only to the cohabitation prong of section 248 compels us to conclude that the parties did not intend to include the second prong of plaintiff holding herself out as another man's wife. The evidence at the hearing established that plaintiff was in fact cohabiting with another man. Indeed, plaintiff does not dispute that fact. It follows that defendant was entitled to termination of his maintenance obligation, and that the termination is effective as of the date of filing of his order to show cause, i.e., August 28, 2009 (*see generally Matter of Dox v Tynon*, 90 NY2d 166, 173; Domestic Relations Law § 236 [B] [9] [b]). As of that date, defendant owed $1,413.38 in maintenance from July 15, 2009, when the marital residence was sold and the maintenance obligation was triggered under the agreement. We therefore modify the judgment and order by granting the relief sought in defendant's order to show cause with respect to maintenance and reducing the amount awarded to plaintiff to $1,413.38.

Entered:   September 30, 2011                    Patricia L. Morgan
                                                 Clerk of the Court