## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  July 10, 2014                    517932
_____

KATHRYN L. VEGA,
                          Respondent,

          v                              MEMORANDUM AND ORDER

JOHN PAPALEO,
                          Appellant.
_____


Calendar Date:  May 27, 2014

Before:  Lahtinen, J.P., McCarthy, Garry, Lynch and Clark, JJ.

_____


        David H. Swyer, Albany, for appellant.

        Rosemary Nichols, Watervliet, for respondent.

_____


Garry, J.

        Appeal from an order of the Supreme Court (Connolly, J.),
entered February 4, 2013 in Albany County, which, among other
things, denied defendant's motion to terminate certain
maintenance payments.

        Plaintiff (hereinafter the wife) and defendant (hereinafter
the husband) were divorced in Albany County in August 2012
pursuant to a judgment that incorporated a September 2008
memorandum of understanding (hereinafter MOU).  The MOU included
a provision by which the husband would make maintenance payments,
scheduled to terminate after a set period or upon certain
occurrences, including the wife's remarriage or cohabitation with
another individual.  In October 2012, the husband moved to cease
making these payments based upon the wife's alleged cohabitation
with her mother and stepfather.  The wife opposed the motion and
cross-moved for sanctions; Supreme Court denied both motions.

The husband appeals, and we affirm.

The MOU – which was incorporated, but not merged into the divorce judgment – remains "a separate contract subject to the rules of contract interpretation" (Momberger v Momberger, 97 AD3d 945, 946 [2012] [internal quotation marks and citation omitted]; see Matter of Drake v Drake, 114 AD3d 1119, 1120 [2014]).  Our analysis of disputed terms is based upon their plain meaning, as well as "'consideration of whatever may be reasonably implied from that literal language'" (Desautels v Desautels, 80 AD3d 926, 928 [2011], quoting Hewlett v Hewlett, 243 AD2d 964, 966 [1997], lvs dismissed 91 NY2d 887 [1998], 95 NY2d 778 [2000]).  The subject agreement provides for maintenance payments in a specified sum until, as pertinent here, "[the wife] cohabits with an individual for any period in excess of 75 days within any 6-month period of time."  As Supreme Court noted, the agreement fails to provide any definition of the term "cohabits."  The husband contends that this provision unambiguously states the parties' intention, and that "cohabits" should be read in this context to mean merely that the wife reside with any other person for the requisite time period, with no showing of any sexual, romantic or economic relationship required.  Supreme Court properly rejected this argument, finding that the term could not be fairly read to encompass the husband's broad interpretation.

Most notably, the parties entered into this agreement following Graev v Graev (11 NY3d 262 [2008]), in which the Court of Appeals carefully reviewed several potential definitions of the term "cohabitation."  The Court held that neither case law nor dictionary usage provided an authoritative or plain meaning.  However, while no single factor – such as residing at the same address, functioning as a single economic unit, or involvement in a romantic or sexual relationship – is determinative, the Court found that a "common element" in the various dictionary definitions is that they refer to people living together "in a relationship or manner resembling or suggestive of marriage" (id. at 272).  There is simply no authoritative definition or customary usage of the term that could include residing with a parent.  The husband's assertion that the phrase "with an individual" informs the term "cohabits" in such a manner as to omit a requirement of any showing of an intimate or romantic

relationship is wholly contrary to the governing precedent, and is unavailing (see id. at 271-274).  As Supreme Court found, the husband has not alleged that the wife has lived with another individual in any relationship remotely resembling or suggestive of a marital bond, nor has he shown that anything in the MOU reveals an intention to define cohabitation as a shared address in the absence of such a bond.

Lahtinen, J.P., McCarthy, Lynch and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court