# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**284**
**CA 16-01306**
PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN,

---

KAYLYN PEREZ, PLAINTIFF-RESPONDENT,

V                                                MEMORANDUM AND ORDER

JOSE PEREZ-BRACHE, DEFENDANT-APPELLANT.

---

SPADAFORA & VERRASTRO, LLP, BUFFALO (KELLY A. FERON OF COUNSEL), FOR DEFENDANT-APPELLANT.

MATTINGLY CAVAGNARO LLP, BUFFALO (CHRISTOPHER S. MATTINGLY OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered January 7, 2016. The order denied the application of defendant to modify the parties' judgment of divorce by terminating his maintenance obligation.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order denying his application to modify the parties' judgment of divorce by terminating his maintenance obligation based on plaintiff's cohabitation with another man. Pursuant to the parties' support and property settlement agreement (agreement), which was incorporated but not merged into the judgment of divorce, defendant's "maintenance obligation shall be sooner terminated upon [defendant]'s death, or [plaintiff]'s death. ADDITIONALLY, after the fourth (4th) year of such payments, [defendant]'s maintenance obligation shall also terminate upon either [plaintiff]'s remarriage, or [plaintiff]'s cohabitation with an unrelated adult male pursuant to New York State Domestic Relations Law [§] 248." Following an evidentiary hearing, Supreme Court determined that defendant was required under the agreement to prove that plaintiff was habitually living with an unrelated adult male and that she held herself out as his wife, and that he failed to do so. The court also concluded in the alternative that, even if defendant was not required to prove that plaintiff was holding herself out as the other man's wife, defendant nonetheless failed to establish that plaintiff was habitually living with another man.

At the outset, we agree with defendant that the court erred in determining that, pursuant to the terms of the agreement, defendant was required to establish that plaintiff held herself out as another man's wife. " 'It is well settled that the parties to a matrimonial

agreement may condition a husband's obligation to support his wife solely on her refraining from living with another man without the necessity of the husband also proving that she habitually holds herself out as the other man's wife as Domestic Relations § 248 requires' " (*Mastrocovo v Capizzi*, 87 AD3d 1296, 1297).  Here, "the fact that the agreement refers only to the cohabitation prong of Domestic Relations Law § 248 compels us to conclude that the parties did not intend to include the second prong of plaintiff holding herself out as another man's wife" (*id.* at 1298).

Nevertheless, we conclude that the court properly determined that defendant failed to establish by a preponderance of the evidence that plaintiff was habitually living with her fiancé (*see Scharnweber v Scharnweber*, 105 AD2d 1080, 1080, *affd* 65 NY2d 1016; *Matter of Ciardullo v Ciardullo*, 27 AD3d 735, 736).  The reference to Domestic Relations Law § 248 in the parties' agreement was "solely for the purpose of defining *cohabitation*" (*Mastrocovo*, 87 AD3d at 1297), i.e., "habitually living with another person" (§ 248).  Here, the testimony adduced at the trial established that, although plaintiff's fiancé occasionally stayed overnight at plaintiff's residence, he maintained his own separate residence in Canada, where he received his mail and kept his personal belongings.  He did not own any real property with plaintiff and did not financially contribute to the payment of any of plaintiff's expenses.

Contrary to defendant's further contention, the court did not abuse its discretion in concluding that the disputed records requested in the subpoena duces tecum served on plaintiff's fiancé were irrelevant and thus that he was not entitled to them (*see generally Matter of Constantine v Leto*, 157 AD2d 376, 378, *affd* 77 NY2d 975; *Kephart v Burke*, 306 AD2d 924, 925; *Kozuch v Certified Ambulance Group, Inc.*, 301 AD2d 840, 840-841).

Entered:  March 24, 2017                        Frances E. Cafarell
                                                Clerk of the Court