Kelly v Kelly (2019 NY Slip Op 01964)





Kelly v Kelly


2019 NY Slip Op 01964


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND TROUTMAN, JJ.


1089 CA 18-00793

[*1]JAMES J. KELLY, PLAINTIFF-APPELLANT,
v
BRENDA J. LEAIRD KELLY, DEFENDANT-RESPONDENT. 






KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (SHARI JO REICH OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
JAMES P. RENDA, BUFFALO, FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered August 15, 2017. The order, insofar as appealed from, denied plaintiff's application to terminate maintenance payments to defendant. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the application is granted.
Memorandum: Plaintiff appeals from an order that, inter alia, denied his application to modify the parties' judgment of divorce by terminating his maintenance obligation based on defendant's cohabitation with another man. Pursuant to the parties' separation and property settlement agreement, which was incorporated but not merged into the judgment of divorce, plaintiff's maintenance obligation terminates if defendant remarries or if there is "a judicial finding of cohabitation pursuant to Domestic Relations Law
§ 248." Following an evidentiary hearing, Supreme Court denied the application. Plaintiff appeals, and we reverse the order insofar as appealed from.
Pursuant to Domestic Relations Law § 248, cohabitation means "habitually living with another person" (see Perez v Perez-Brache, 148 AD3d 1647, 1647-1648 [4th Dept 2017]; Mastrocovo v Capizzi, 87 AD3d 1296, 1297-1298 [4th Dept 2011]), but simply residing with another adult is typically not considered to be "cohabitation," as that term is generally understood (see generally Vega v Papaleo, 119 AD3d 1139, 1139-1140 [3d Dept 2014]). Further, "while no single factor—such as residing at the same address, functioning as a single economic unit, or involvement in a romantic or sexual relationship—is determinative, the [Court of Appeals] found that a common element' in the various dictionary definitions [of cohabitation] is that they refer to people living together in a relationship or manner resembling or suggestive of marriage' " (id. at 1140, quoting Graev v Graev, 11 NY3d 262, 272 [2008]).
At the hearing, defendant and the man with whom she lives testified that they have a friendship and landlord-tenant relationship. However, it is undisputed that defendant reconnected with the man on a dating website and moved directly into his home from her marital residence, after which they commenced a sexual relationship. They have taken multiple vacations together, including for his family reunion, and they sometimes shared a room while on those vacations. Defendant wears a diamond ring on her left hand that the man purchased. They also testified regarding their complicated financial interdependence. For example, defendant pays varying amounts of rent to the man depending on her financial situation, and the man pays defendant for work she purportedly performs for him. Notably, defendant did not declare as income the amounts she received from the man for the work she performed, and the man did not declare those amounts as an expense. Further, contrary to the court's finding, the record does not show that the sexual relationship between defendant and the man had ended. We therefore conclude that plaintiff established by a preponderance of the evidence that defendant was [*2]engaged in a relationship or living with the man in a manner resembling or suggestive of marriage (see generally Graev, 11 NY3d at 272; Clark v Clark, 33 AD3d 836, 838 [2d Dept 2006]; Matter of Ciardullo v Ciardullo, 27 AD3d 735, 736 [2d Dept 2006]), and thus the court erred in denying his application.
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court