■ SHARON H. POPE, Appellant, v WENDELL E. POPE, Respondent.—In a matrimonial action, plaintiff appeals from so much of an order of the Supreme Court, Westchester County, dated September 22, 1977, as denied the branches of her motion which sought (1) a money judgment against defendant, her former husband, in the amount of $1,335.43, allegedly due and owing pursuant to a separation agreement, with interest thereon, (2) interest on the amount of a certain check which defendant was directed to indorse and (3) counsel fees. Order reversed insofar as appealed from, with $50 costs and disbursements, the branches of plaintiff's motion which sought a money judgment in the amount of $1,335.43, with interest, and interest on the amount of the check which defendant was directed to indorse, are granted, and action remitted to Special Term for entry of an appropriate amended order and for a *de novo* determination as to counsel fees. Pursuant to the terms of a separation agreement entered into on March 22, 1976, defendant-respondent, *inter alia,* agreed to make the mortgage payments and pay the real property taxes, fire insurance premiums, gas, water, electric and fuel oil bills associated with the maintenance of the former marital residence (which was simultaneously conveyed to the plaintiff-appellant wife in lieu of alimony) until the expiration of four months after the date of the agreement or the sale of said realty, whichever occurred first. Defendant made all of the required payments through May 1, 1976, but made none of the periodic payments toward the mortgage, taxes, fire insurance premiums and water bills accruing thereafter, thus breaching the agreement to the extent of $1,335.43, for which the plaintiff is entitled to

recover judgment, with interest. Upon the sale of the residence on August 16, 1976, defendant further breached the agreement by refusing to indorse to the order of the plaintiff a check in the amount of $1,092.21, made payable to himself and the plaintiff jointly, which sum represented the unexpended balance in the tax escrow account maintained with the mortgagee bank. Plaintiff was entitled to the sole ownership of this fund by virtue of the transfer of title to her (by a deed recorded on March 23, 1976) in accordance with the separation agreement and it is for this reason, and this reason alone, that she was entitled to the entry of an order directing defendant to indorse the check over to her, or, in the alternative, to a further money judgment against the defendant in the amount of $1,092.21. The order appealed from properly directed defendant to indorse the check to the order of plaintiff, albeit on an improper basis, but interest should have been awarded on that sum. The question of counsel fees should be determined by Special Term upon the remand in the light of the above and for the additional reason that the present record is wholly inadequate to permit us to review the discretionary denial of counsel fees in that court. Additionally, Special Term is the appropriate forum in which to seek an award of counsel fees for the instant appeal (see *Gutman v Gutman,* 24 AD2d 758). Gulotta, J. P., Shapiro, Cohalan and O'Connor, JJ., concur.