OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The plaintiff notes that the stated purpose of the 1953 agreement is "to keep the ownership of the stock of the Corporation in themselves [i.e., the individual parties] and their surviving spouses and sons so far as is possible and circumstances will permit” and that in certain instances this purpose would be frustrated if the sons are not bound by its terms. The question, however, is not whether the agreement is imperfect but whether it is ambiguous. The courts may not rewrite a term of a contract by "interpretation” when it is clear and unambiguous on its face.
The phrase "individual parties” is not ambiguous as the plaintiff contends. The preamble identifies four parties to the agreement — the three Fiore brothers and "Fiore Brothers, Inc. * * * hereinafter termed the 'Corporation’ ”. Thereafter the agreement distinguished between the "Corporation” and the "individual parties”. Logically the phrase "individual parties” could only refer to the three Fiore brothers who together with the "Corporation” were the four parties to the agreement.
. Indeed the agreement leaves no room for doubt because it specifically identifies the "individual parties” as "the sole owners of all of the shares of the capital stock of Fiore Brothers, Inc., aforesaid, amounting in all to one hundred and fifty (150) shares” and then itemizes the shares held by the three brothers individually which together total 150 shares. There is then no merit to the plaintiff’s contention that the phrase "individual parties” is ambiguous and could apply not only to the signatories of the agreement, but also to their sons.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur in memorandum.
*974 Order affirmed.