■ William Shames, Respondent, v David Abel et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. Paul Trause, Third-Party Defendant-Appellant-Respondent.—In an action to recover real estate commissions based upon a written brokerage agreement between the plaintiff and the defendants, the third-party defendant appeals from (1) so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated November 19, 1985, as granted the plaintiff's motion for summary judgment against the defendants third-party plaintiffs, (2) an order and judgment (one paper) of the same court, dated January 9, 1986, in favor of the plaintiff

and against the defendants in the principal sum of $8,604.17, (3) an order of the same court (Christ, J.), dated January 24, 1986, which denied his motion to dismiss the third-party complaint, (4) so much of an order of the same court (Lockman, J.), dated January 12, 1987, as, upon renewal, adhered to its original determination awarding summary judgment to the plaintiff and granted the cross motion of the defendants third-party plaintiffs for summary judgment against him, and (5) a judgment of the same court (Lockman, J.), dated April 13, 1987, which is in favor of the defendants third-party plaintiffs and against him in the principal sum of $4,302.08. The defendants third-party plaintiffs separately appeal from so much of the order dated November 19, 1985, as granted the plaintiff's motion for summary judgment.

Ordered that the appeal of the defendants third-party plaintiffs is dismissed for failure to perfect the same in accordance with the rules of this court (see, 22 NYCRR 670.20 [d], [f]); and it is further,

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the order and judgment dated January 9, 1986, is reversed insofar as appealed from, and the judgment dated April 13, 1987, is reversed, on the law, and so much of the order dated November 19, 1985, as granted the plaintiff's motion for summary judgment, the order dated January 24, 1986, and so much of the order dated January 12, 1987, as, upon renewal, adhered to the original determination granting summary judgment in favor of plaintiff and granted the cross motion of the defendants third-party plaintiffs for summary judgment against the third-party defendant are vacated; and it is further,

Ordered that the plaintiff's motion for summary judgment is denied, the defendants third-party plaintiffs' cross motion for summary judgment against the third-party defendant is denied, the third-party defendant's motion to dismiss the complaint and the third-party complaint is granted, and the complaint and the third-party complaint are dismissed; and it is further,

Ordered that the third-party defendant is awarded one bill of costs, payable by the plaintiff.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgments in the action (see; Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the

orders are brought up for review and have been considered on the appeals from the judgments (CPLR 5501 [a] [1]).

We conclude that the evidence establishes that the plaintiff was not entitled to summary judgment as against the defendant brokers.

On or about March 31, 1982, the plaintiff, as landlord, and the Copy Star, Inc. (hereinafter Copy Star), as tenant, entered into a 10-year lease in connection with certain industrial real property. Prior thereto, the plaintiff and the defendants third-party plaintiffs, real estate brokers, had entered into an agreement with respect to the latter's commission. That agreement provided, in pertinent part, as follows:

"Your brokerage in connection with this transaction shall be on a when, as and if, tenant takes occupancy basis, and that brokerage shall be in the sum of $20,650. That sum shall be payable on the satisfaction of the above basis requirements, subject to subsequent adjustments as hereinafter provided.

"In the event that the brokerage is earned and paid as above provided but during the first four years of the term of the lease, the tenant defaults under the lease and such default results in the Landlord's recovery of possession of the premises through summary proceedings, you agree that you shall retain a fraction of the brokerage paid by me to you, the numerator is the number of months that the Tenant has been in possession and paid the rent reserved under the lease and the denominator is 48, and the remainder of the brokerage which you have received in connection with this transaction shall be returned to me promptly by you without interest from the date of payment by me to you until the date when I recover possession of the premises as above provided but with interest thereafter until the date I receive payment at 15% per annum."

On or about March 9, 1983, fee title to the premises was conveyed by the plaintiff to Bonardy. Copy Star subsequently defaulted on its rent payments on or about September 1, 1984. In a proceeding which did not include the plaintiff, Bonardy successfully sued to dispossess Copy Star and to recover possession of the premises. The plaintiff thereafter commenced an action to recover a portion of the brokerage commission which he had paid to the defendant. The third-party action for contribution was commenced by the defendant broker against its employee who had received one half of the commission paid by the plaintiff to the defendant broker.

It is beyond cavil that courts enforce rather than rewrite

contracts and that they may not " 'by construction add or excise terms, nor distort the meaning of those used and thereby "make a new contract for the parties under the guise of interpreting the writing" ' " *(Schmidt v Magnetic Head Corp.,* 97 AD2d 151, 157, quoting from *Morlee Sales Corp. v Manufacturers Trust Co.,* 9 NY2d 16, 19). In general, the construction of an unambiguous written instrument is a question of law *(see, Kenyon v Knights Templar & Masonic Mut. Aid Assn.,* 122 NY 247). An agreement which is not reasonably susceptible of more than one interpretation is unambiguous *(see, Chimart Assocs. v Paul,* 66 NY2d 570).

At bar, the brokerage agreement clearly and unambiguously provided that the plaintiff's right to a partial refund of the brokerage fee was conditioned on two events: the tenant's default and the plaintiff's recovery of possession of premises through summary proceedings. Since the plaintiff had earlier conveyed his fee interest in the premises, he could not and did not satisfy the second condition. Moreover, since no judgment is to be rendered against the defendant, the third-party claim for contribution must also be dismissed. Thompson, J. P., Brown, Weinstein and Harwood, JJ., concur.