■ BERTRAM COHEN et al., Respondents, v ROSALIND SPODEK et al., Appellants. (Action No. 1.) BERTRAM COHEN et al., Respondents, v 1651 CARROLL REALTY CORP., Appellant. (Action No. 2.)—In consolidated actions for specific performance of contracts for the purchase of two parcels of real property, the defendants in both actions appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Krausman, J.), dated December 22, 1988, which granted the plaintiff buyers' motions to confirm a Referee's report dated May 12, 1988, and is in favor of the plaintiffs directing specific performance of the contracts.

Ordered that the order and judgment is affirmed, with costs.

Contrary to the defendants' contentions on appeal, they are not entitled to adjustments not provided for in either of the parties' two contracts in issue. Generally speaking, a seller under contract to convey at a future date is not entitled, in the absence of agreement, to any compensation for improvements made by him without the buyer's consent after the contract has been executed (see, 92 CJS, Vendor & Purchaser, §§ 291-292). Furthermore, the court properly directed that the allowable adjustments should be computed as of the date of closing (see, 1 Warren's Weed, New York Real Property, Closing of Title, ¶¶ 8.05-8.17 [4th ed]).

The defendants' claim that the plaintiffs improperly failed to produce paid-up insurance policies at the closing is also without merit. The parties' contracts did not impose upon the plaintiffs such an obligation. This court will not rewrite contracts whose terms are clear and unambiguous so as to impose such an obligation (see, e.g., *Fiore v Fiore,* 46 NY2d 971;

*Shames v Abel,* 141 AD2d 531). We note that the plaintiffs produced insurance binders.

We have reviewed the remaining contentions and find them to be without merit. Thompson, J. P., Lawrence, Kunzeman and Rosenblatt, JJ., concur.