■ In the Matter of DORODEA AND S. BUILDING CO., INC., Appellant, v STATE OF NEW YORK, Respondent, and MARINE MIDLAND BANK, Respondent.—In a proceeding pursuant to EDPL 304 to distribute funds on deposit for the State's appropriation of real property formerly owned by the claimant, the claimant appeals from so much of an order of the Court of Claims (Lengyel, J.), entered April 18, 1989, as, after a hearing, directed that the New York State Comptroller release the

sum of $52,851.16 with interest, and attorneys' fees and related costs in the sum of $5,056.16 with interest, to the mortgagee Marine Midland Bank.

Ordered that the order is affirmed insofar as appealed from, with costs.

The instant proceeding arose as a result of the New York State's acquisition of real property belonging to the claimant. The title to this real property vested in the State on May 31, 1988, pursuant to an Agreement of Adjustment which also provided that the compensation to be paid by the State for the real property would be $340,000.

At the time of the State's acquisition, the real property was encumbered by a mortgage dated May 10, 1979. For some time prior to that date, the claimant had leased the subject real property and, in fact, the mortgage had been granted to the claimant contingent upon the assignment of the lease to the mortgagee for the purpose of securing the payment of the mortgage installments.

The promissory note also dated May 10, 1979, which set forth the parties' agreement, provided for the creation of a savings account for the purpose of depositing the rental payments under the lease. The mortgagee was authorized to deduct the required monthly mortgage payments from the savings account and, in fact, the claimant executed and delivered an authorization form to the mortgagee granting it the power to charge its savings account accordingly. It should be noted that the monthly rental exceeded the amount due each month under the mortgage.

The mortgagee received the mortgage payments owed to it through April 1988, one month before title vested in the State. The issue in the instant proceeding is the outstanding balance owing to the mortgagee under the mortgage note. The crux of the claimant's position is that the mortgagee should have used the full monthly rental payments received for the payment of the mortgage indebtedness. If the mortgagee had done so, it would be owed less than the amount it now claims. We disagree with the claimant's assertion.

The savings account which received the rental payments was in the claimant's name alone and was at all times under the claimant's control. The parties' agreement clearly limited the mortgagee's access to this account to the monthly mortgage payments due to it. The parties' agreement did not impose upon the mortgagee the obligation the claimant now thrusts upon it. This court will not rewrite the clear and

unambiguous terms of the parties' agreement so as to impose such an obligation (see, e.g., *Fiore v Fiore*, 46 NY2d 971; *Shames v Abel*, 141 AD2d 531).

The claimant's contention that the mortgagee was not entitled to the reasonable litigation expenses incurred in this action is also without merit. Firstly, the terms of the parties' agreement, set forth in the promissory note, explicitly provided for these costs in all actions except a mortgage foreclosure action, which is not the case here. Secondly, contrary to the claimant's contention, the fact that the State acquired the subject property did not extinguish the viability of the promissory note; it only substituted the condemnation award for the mortgage lien (see, *Copp v Sands Point Marina*, 17 NY2d 291).

Lastly, we find that the court did not err in refusing to permit the claimant's attorney to testify on behalf of his client at the hearing (see, CPLR 321 [a]; Code of Professional Responsibility DR 5-102 [A]). Bracken, J. P., Kunzeman, Kooper and Harwood, JJ., concur.