■ In the Matter of LINDA EMRICH, Appellant, v JOHN EMRICH, Respondent.—In a support proceeding pursuant to Family Court Act article 4, the wife appeals from an order of the Family Court, Westchester County (Barone, J.), entered August 3, 1989, which, *inter alia,* granted the husband's objections to an order of the same court (Miklitsch, H.E.), dated March 10, 1989, denied her objections, determined that

the wife had "remarried" as defined by a stipulation incorporated but not merged in a judgment of divorce between the parties, and held that he was not obligated to make maintenance payments.

Ordered that the order entered August 3, 1989, is reversed, on the law and the facts, with costs, the husband's objections are denied, the wife's objections are sustained to the extent that the order of the Hearing Examiner dated March 10, 1989, is modified by substituting the date "September 1, 1990" for "September 1, 1980" in the third decretal paragraph thereof, and, as so modified, the order dated March 10, 1989, is reinstated; and it is further,

Ordered that the husband's time to pay any arrears is extended until 30 days after service upon him of a copy of this decision and order, with notice of entry.

The parties separated in August 1986 after an 18-year marriage, and entered into a stipulation in September 1987 which resolved their pending divorce proceedings. The stipulation was incorporated, but not merged, in a judgment which granted the wife a divorce on the ground of constructive abandonment. Insofar as it is relevant to this appeal, the stipulation obligated the husband to make maintenance payments to the wife for a period of four years, provided she did not remarry. Remarriage was defined in the stipulation as follows:

"For purposes of this Agreement, the term 'remarriage' or 'remarry' shall include:

"a) Wife entering into a marriage with a person other than Husband; or

"b) Wife holding herself out as if she were remarried without an actual remarriage and/or residing on a substantially continuous basis (which shall be deemed to be for a period not less than sixty (60) days with another male and/or violation of the present section 248 of the Domestic Relations Law or any successor statute)."

In June 1988 the husband notified the wife that he considered her to be remarried under the terms of the stipulation, and ceased maintenance payments. The wife commenced this proceeding, *inter alia*, to enforce the maintenance provisions in the parties' stipulation.

The Hearing Examiner determined that the husband had not met his burden of proving by a preponderance of the evidence that the wife had forfeited her right to maintenance payments under the stipulation, and directed the husband to

resume payments, including arrears. Upon review of the Hearing Examiner's findings of fact and order, the court found that the wife had entered into a "remarriage" pursuant to the terms of the stipulation, granted the husband's objections, held that he was not obligated to pay maintenance, and directed the wife to refund the maintenance payments made pursuant to the Hearing Examiner's order. We now reverse.

The issue on this appeal is whether the evidence established that the wife had "resided on a substantially continuous basis" with another male. The evidence elicited at the hearing established that, for a period of over a year, the wife's male friend had spent three to four nights a week, including most weekends, at her house. However, throughout this period, he maintained a separate residence in another town, where he kept his belongings and received mail. He voted in that town, maintained his bank accounts there, and listed that address on his driver's license. No evidence was offered that he contributed to the wife's household expenses, such as mortgage and utilities, although he occasionally paid for groceries, his long distance telephone calls and their vacations. We have previously declined to construe such limited financial assistance as a sharing of household expenses (see, e.g., Lefkon v Drubin, 143 AD2d 400; Salas v Salas, 128 AD2d 849). In view of the evidence that the wife's friend maintained a separate residence and that his contributions to the wife's household expenses were sporadic and minor, we find that the husband failed to prove by a preponderance of the evidence that the wife was residing on a "substantially continuous basis" with another male so as to forfeit her right to maintenance (see, Lefkon v Drubin, supra; Salas v Salas, supra).

Although there is some dispute as to the date that the husband ceased making maintenance payments, we accept the Hearing Examiner's determination that the payments ceased after July 1988 so that the arrears should be calculated beginning in August 1988. The order of the Hearing Examiner is modified to correct a typographical error in the third decretal paragraph thereof.

We further note that the stipulation included a provision in which the husband agreed to pay the wife additional maintenance of $5,000 if he earned above $100,000 for the year August 1987 to July, 1988. In light of our decision, the husband is obligated, pursuant to the order of the Hearing Examiner, to pay the wife this additional maintenance, as it is undisputed that the husband earned over $100,000 in that

period. Thompson, J. P., Brown, Miller and O'Brien, JJ., concur.