■ In the Matter of DAVID CIARDULLO, Appellant, v MARIE CIARDULLO, Respondent. [815 NYS2d 599]—

In a proceeding pursuant to Family Court Act article 4 to terminate spousal maintenance, the petitioner appeals from an order of the Family Court, Suffolk County (Freundlich, J.), entered June 20, 2005, which denied his objections to an order of the same court (Grier, S.M.) dated April 26, 2005, dismissing the petition.

Ordered that the order is affirmed, with costs.

Pursuant to the parties' stipulation of settlement, which did not merge into their judgment of divorce, the petitioner's obligation to pay spousal support was to terminate, inter alia, upon the respondent's remarriage. Under the agreement, remarriage was defined, inter alia, as "habitually living with a man," or "establishing a residence with a man."

Contrary to the contention of the petitioner, the Family Court properly determined that he failed to prove by a preponderance of the evidence that the respondent was "habitually living with a man" or had "established a residence with a man." According to the unrebutted testimony, the respondent's boyfriend maintained a separate residence in the one-bedroom apartment he rented from the respondent and the two did not share household expenses or function as an economic unit (*see Scharnweber v Scharnweber,* 65 NY2d 1016, 1017 [1985]; *Matter of Emrich v Emrich,* 173 AD2d 818, 820 [1991]; *Lefkon v Drubin,* 143 AD2d 400 [1988]; *Salas v Salas,* 128 AD2d 849, 852 [1987]). Krausman, J.P., Spolzino, Lifson and Dillon, JJ., concur.