■ PAMELA CLARK, Respondent-Appellant, v CLIFFORD CLARK, Appellant-Respondent. [— NYS2d —]—

In a matrimonial action in which the parties were divorced by judgment entered August 6, 2004, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated June 24, 2005, as denied his motion to terminate the maintenance provisions of a settlement agreement which was incorporated but not merged into the judgment of divorce, and the plaintiff cross-appeals from so much of the same order as denied her cross motion, inter alia, for an award of counsel fees.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's cross motion which was for an award of counsel fees and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.

This is a matrimonial action in which the parties entered into a settlement agreement on April 7, 2004. The agreement purported to settle all of the outstanding issues remaining be-

tween the parties and thereafter was incorporated but not merged into the judgment of divorce. Article XII of the agreement provided for the "support and maintenance" of the plaintiff by the defendant. The defendant's maintenance obligation thereunder was to terminate, inter alia, upon "cohabitation of the Wife with an unrelated male."

Less than a year after the divorce was granted, the defendant moved to terminate his maintenance obligation on the ground that the plaintiff, along with the parties' three children, were living in a "commune" with another family. The plaintiff cross-moved for an award of the counsel fees incurred in defending the defendant's motion. The Supreme Court, without a hearing, denied both the defendant's motion and the plaintiff's cross motion.

On appeal, the defendant contends, inter alia, that the changes made to the agreement at the time it was executed reflected the parties' intent that the plaintiff's maintenance would terminate in the event she lived in a "commune situation" or with another family. The plaintiff argues that no such understanding existed between the parties and that, had there been such an agreement, the provision governing termination of maintenance would have contained express language to that effect.

A settlement agreement in a matrimonial action is a contract subject to principles of contract interpretation (*see Matter of Meccico v Meccico*, 76 NY2d 822, 823-824 [1990]; *Rainbow v Swisher*, 72 NY2d 106, 109 [1988]; *Perry v Perry*, 13 AD3d 508, 508 [2004]; *Sieratzki v Sieratzki*, 8 AD3d 552, 553-554 [2004]; *Douglas v Douglas*, 7 AD3d 481, 482 [2004]; *De Luca v De Luca*, 300 AD2d 342, 342 [2002]). Where such an agreement is clear and unambiguous on its face, the intent of the parties must be gleaned from the four corners of the instrument, and not from extrinsic evidence (*see Matter of Meccico v Meccico, supra* at 824; *Rainbow v Swisher, supra* at 109; *Perry v Perry, supra* at 508-509; *Sieratzki v Sieratzki, supra* at 554; *Douglas v Douglas, supra* at 482; *De Luca v De Luca, supra* at 342; *see also W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). Whether a writing is ambiguous is a matter of law for the court (*see Kass v Kass*, 91 NY2d 554, 566 [1998]; *W.W.W. Assoc. v Giancontieri, supra* at 162). The proper inquiry when determining whether an agreement is ambiguous is "whether the agreement on its face is reasonably susceptible of more than one interpretation" (*Chimart Assoc. v Paul*, 66 NY2d 570, 573 [1986]; *see Jellinick v Naples & Assoc.*, 296 AD2d 75, 78 [2002]; *Shames v Abel*, 141 AD2d 531, 534 [1988]). Also, in deciding whether an agreement

is ambiguous, the court "should examine the entire contract and consider the relation of the parties and the circumstances under which it was executed" (*Kass v Kass, supra* at 566, *see Atwater & Co. v Panama R.R. Co.*, 246 NY 519, 524 [1927]).

Here, the language at issue is clear and unambiguous on its face. It provides, and the parties expressly agreed, simply that the defendant was entitled to terminate maintenance should the plaintiff cohabit with an unrelated male. Since the provision is unambiguous, the parties' intent must be gleaned from the agreement itself, and not from extrinsic evidence.

As interpreted by New York courts, the term "cohabitation" entails a relationship between a former wife and an unrelated male who live together in the same residence and share household expenses or "function as an economic unit" (*see Matter of Ciardullo v Ciardullo*, 27 AD3d 735, 736 [2006]; *Matter of Emrich v Emrich*, 173 AD2d 818, 819 [1991]; *Scharnweber v Scharnweber*, 105 AD2d 1080, 1080 [1984], *affd* 65 NY2d 1016, 1017 [1985]). On the motion, the defendant had the initial burden to establish that the plaintiff was cohabiting with an unrelated male. Since the defendant submitted evidence showing, at most, that the plaintiff and children shared a house with another family, he failed to sustain this burden (*see Matter of Ciardullo v Ciardullo, supra; Matter of Emrich v Emrich, supra*). In any event, the plaintiff, in opposition, provided the court with unrefuted documentary evidence that the part of the house where she and the children lived had been issued a certificate of occupancy in May 2000 for an accessory apartment and that she was paying rent to the owner. Accordingly, the Supreme Court properly denied, without a hearing, the defendant's motion to terminate his obligation to pay maintenance to the plaintiff.

The agreement also provided in pertinent part that, in the event one party unsuccessfully sought to invalidate any of the terms of the agreement, that party would reimburse the other for his or her reasonable attorney's fees and expenses. The court, therefore, erred in denying that branch of the plaintiff's cross motion which was for this relief. Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a hearing on the amount of counsel fees, including appellate counsel fees, to which the plaintiff is entitled pursuant to the agreement (*see Aborn v Aborn*, 196 AD2d 561, 563-564 [1993]; *Taft v Taft*, 135 AD2d 809, 810 [1987]; *Pope v Pope*, 62 AD2d 986, 987 [1978]). Florio, J.P., Goldstein, Luciano and Lunn, JJ., concur.