■ KAFKA CONSTRUCTION, INC., Respondent-Appellant, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY et al., Appellants-Respondents. [837 NYS2d 280]—

In an action to recover damages for breach of contract and unjust enrichment, and to recover in quantum meruit for services rendered, (1) the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered August 5, 2005, as denied that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant New York City School Construction Authority, and (2) the plaintiff cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment on the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant New York City School Construction Authority is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff was the successful bidder on a project for the defendant New York City School Construction Authority (hereinafter the NYCSCA) to upgrade the science laboratory and replace the roof of a building known as the Manhattan Center for Math and Science (hereinafter the Project). The plaintiff commenced this action to recover the sum of $415,441.18 it paid for certain laboratory equipment installed during the Project. The plaintiff alleged, inter alia, that the installation constituted additional work outside the scope of its contract with the NYCSCA, and was thus not subject to any limitations or restrictions articulated in the contract. The NYCSCA denied payment

for the equipment, alleging that it was the plaintiff's contractual obligation to pay for it.

The plaintiff moved for summary judgment on the complaint. The plaintiff asserted that it had engaged in "binding mediation" with the NYCSCA concerning payment for the equipment, which resulted in a mediator's determination in its favor in the amount of $315,000, but that the NYCSCA refused to honor the mediator's determination. The plaintiff argued that, in any event, the addendum to the request for bids that imposed the duty on bidders to include the price of the laboratory equipment in the bid total was superseded by a subsequent addendum which negated that duty or, at the very least, created an ambiguity as to who was liable to pay for the equipment. The NYCSCA and the City of New York cross-moved for summary judgment dismissing the complaint, arguing, inter alia, that the request for bids unambiguously required bidders to include the cost of the equipment in their bids. Further, the NYCSCA asserted that the subsequent mediation was nonbinding, as per the parties' contract, the amended determination of the mediator, and regulations promulgated pursuant to Public Authorities Law § 1734. The Supreme Court, inter alia, denied the plaintiff's motion for summary judgment on the complaint and that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against the NYCSCA. We reverse the denial of summary judgment to the NYCSCA.

The construction and interpretation of an unambiguous written contract is an issue of law within the province of the court, as is the inquiry of whether the writing is ambiguous in the first instance (*see Katina, Inc. v Famiglietti*, 306 AD2d 440 [2003]). If the language is free from ambiguity, its meaning may be determined as a matter of law on the basis of the writing alone, without resort to extrinsic evidence (*id.; see Charter Realty & Dev. Corp. v New Roc Assoc.*, 293 AD2d 438 [2002]). The objective is to determine the parties' intention as derived from the language employed in the contract (*see Katina, Inc. v Famiglietti, supra*). Here, in support of their cross motion, the defendants demonstrated, prima facie, that the terms of the parties' written contract required the plaintiff to include the cost of the laboratory equipment in its bid. In opposition, the plaintiff failed to raise a triable issue of fact as to whether a subsequent addendum negated this obligation, or created an ambiguity as to whether the obligation was negated. Thus, the Supreme Court should have granted that branch of the defendants' cross motion which was for summary judgment

dismissing the complaint insofar as asserted against the NYCSCA.

This conclusion is not altered by the plaintiff's allegations concerning the determination in the alleged binding mediation. Initially, we note that the plaintiff did not plead a cause of action expressly seeking to enforce the mediator's determination. In any event, on the facts presented, the NYCSCA is not bound by that determination.

By statute, the NYCSCA is governed by and exercises its powers through its board of trustees (*see* Public Authorities Law § 1727 [2]). These powers include the obligation to establish, by resolution, "procedures for the fair and equitable resolution of contract disputes" (Public Authorities Law § 1734 [9]). These procedures, made part of the contract at bar, are set forth in 21 NYCRR part 9603. In relevant part, they provide for nonbinding mediation (*see* 21 NYCRR 9603.3) and, if the mediation does not result in the execution of a settlement agreement, a "written advisory opinion" (21 NYCRR 9603.6 [a]). Here, the plaintiff does not dispute that the parties' contract called for such nonbinding mediation, and that the plaintiff expressly demanded the same. Rather, the plaintiff asserts that, at the mediation, two of three employees of the NYCSCA present consented to the determination being binding. However, the employees were without authority to agree to "binding mediation." Rather, the resolution of contract disputes is a matter within the province of the board of trustees of the NYCSCA, and there is no evidence or allegation that the board of trustees has provided for binding arbitration of contract disputes, or that it took any other action in that regard relevant to this matter. Crane, J.P., Ritter, Lifson and Balkin, JJ., concur.