NEW YORK SCHOOLS INSURANCE RECIPROCAL, as Subrogee of MIDDLE COUNTRY CENTRAL SCHOOL DISTRICT, Appellant, v HONEYWELL, INC., Respondent, et al., Defendants. (And a Third-Party Action.) [867 NYS2d 456]—

In a subrogation action to recover damages for injury to property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated June 27, 2007, as granted that branch of the motion of the defendant Honeywell, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to recover $13 million in insurance proceeds paid to its insured Middle Country Central School District (hereinafter the District) for property damage caused by a fire at New Lane Memorial Elementary School (hereinafter the School). The plaintiff alleged, inter alia, that the School sustained increased smoke damage due to a defective

heating, ventilation, and air conditioning (hereinafter HVAC) system in the building. Specifically, the air circulation fans did not remain shut down when the fire alarm system was activated, but instead, switched back on when part of the HVAC system was destroyed by the fire and the air pressure dropped. The fans caused an increase in the movement of smoke and fire-generated contaminants within the school building.

At the time of the fire, the District had a service agreement with the defendant Honeywell, Inc. (hereinafter Honeywell), to inspect, maintain, and service the existing HVAC systems throughout the District. The plaintiff alleges, among other things, that Honeywell was obligated under the service agreement to evaluate how the School's HVAC system would operate in the event of a fire, and to upgrade and/or redesign the system so that the circulation fans would remain shut down in the event of a fire.

"The construction and interpretation of an unambiguous written contract is an issue of law within the province of the court, as is the inquiry of whether the writing is ambiguous in the first instance. If the language is free from ambiguity, its meaning may be determined as a matter of law on the basis of the writing alone without resort to extrinsic evidence. The objective is to determine the parties' intention as derived from the language employed in the contract" (*Katina, Inc. v Famiglietti,* 306 AD2d 440, 441 [2003] [citations omitted]; *see Kafka Constr., Inc. v New York City School Constr. Auth.,* 40 AD3d 1038, 1039 [2007]).

The service agreement provided that Honeywell would perform various routine maintenance tasks, including inspection of certain HVAC components, none of which had anything to do with the fire alarm system. The service agreement did not require Honeywell to check how the HVAC system would work in the event of a fire. Far from requiring that Honeywell upgrade the system, the service agreement specifically provided that "HONEYWELL shall not be obligated to provide replacement . . . equipment, components and/or parts that represent a significant betterment or capital improvement to CUSTOMER'S system[s] hereunder."

By submitting a copy of the service agreement, the terms of which unambiguously set forth the scope and limits of Honeywell's responsibilities with regard to the HVAC systems in the District's schools, Honeywell made a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). In opposition, the plaintiff

failed to raise a triable issue of fact sufficient to require a trial (*see* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d at 562; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067 [1979]). Accordingly, the Supreme Court properly granted that branch of Honeywell's motion which was for summary judgment dismissing the complaint insofar as asserted against it, declining to "rewrite the clear and unambiguous terms of the parties' agreement so as to impose . . . an obligation" clearly not intended by the parties (*Matter of Dorodea & S. Bldg. Co. v State of New York,* 171 AD2d 866, 867-868 [1991]; *see Fiore v Fiore,* 46 NY2d 971, 973 [1979]; *Shames v Abel,* 141 AD2d 531, 533-534 [1988]). Rivera, J.P., Dillon, Covello and Angiolillo, JJ., concur. [*See* 2007 NY Slip Op 31921(U).]