■ LISA SICURELLI, Respondent, v ROBERT SICURELLI, JR., Appellant. [901 NYS2d 649]—

In a matrimonial action in which the parties were divorced by a judgment entered November 10, 2005, the defendant appeals from an amended order of the Supreme Court, Nassau County (Ross, J.), entered September 15, 2008, which, in effect, granted those branches of the plaintiff's motion which were for an award of a money judgment for maintenance arrears pursuant to the parties' judgment of divorce and the parties' stipulation of settlement dated March 11, 2005, which was incorporated but not merged into the judgment of divorce and, pursuant to Domestic Relations Law § 237, for an award of a postjudgment attorney's fee, a money judgment of the same court dated September 16, 2008, which, upon the order, is in favor of the plaintiff and against him in the principal sum of $27,000, representing an award of maintenance arrears, and a money judgment of the same court also dated September 16, 2008, which, upon the order, is in favor of the plaintiff and against him in the principal sum of $14,806.65, representing an award of an attorney's fee.

Ordered that the appeal from the amended order is dismissed; and it is further,

Ordered that the money judgments are affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the money judgments in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the amended order are brought up for review and have been considered on the appeals from the money judgments (see CPLR 5501 [a] [1]).

The parties' marriage was dissolved by a judgment of divorce entered November 10, 2005. Pursuant to a stipulation of settlement dated March 11, 2005, which was incorporated but not merged into the judgment of divorce, the defendant, commencing on April 1, 2005, was required to pay the plaintiff monthly maintenance in the sum of $3,000 until April 1, 2011. However, the parties, who had two teenaged children, agreed that the defendant's maintenance obligation would be terminated prior to April 1, 2011, upon the happening of one of three events. First, the parties agreed: "[I]n the event Defendant pays the costs of both children . . . to attend private colleges, Defendant shall

pay Plaintiff $3,000 per month until May 17, 2007." Second, the parties agreed: "[I]n the event Defendant pays the costs of only one child . . . to attend a private college and the costs of the other child to attend a state school, Defendant shall pay Plaintiff $3,000 per month until May 17, 2008." Finally, the parties agreed: "[I]n the event Defendant pays the costs of both children . . . to attend state colleges, Defendant shall pay Plaintiff $3,000 per month until May 17, 2009."

In June 2007 the defendant stopped paying the plaintiff maintenance. The defendant argued that his maintenance obligation terminated as of May 17, 2007.

Subsequently, the plaintiff, who contended that the defendant's obligation to pay maintenance never terminated, moved, inter alia, for an award of maintenance arrears, and pursuant to Domestic Relations Law § 237 for an award of an attorney's fee in connection with her attempt to collect those arrears.

The matter proceeded to a hearing, after which the Supreme Court, in an amended decision, found, inter alia, that the stipulation of settlement's maintenance provision was "unambiguous." The Supreme Court also found that "none of the express, unequivocal conditions that would operate to terminate" the defendant's maintenance obligation "were met." Accordingly, the court awarded the plaintiff a money judgment for maintenance arrears in the principal sum of $27,000. Furthermore, in another money judgment, the Supreme Court, which, in the amended decision, indicated that it "carefully considered," inter alia, "the testimony at the hearing, the [plaintiff's attorney's] services, the complexity of the issues and the necessity for" the plaintiff's motion, directed the defendant to pay an attorney's fee in the principal sum of $14,806.65.

Contrary to the defendant's contention, the Supreme Court properly found that the stipulation of settlement's maintenance provision was clear and unambiguous (see Clark v Clark, 33 AD3d 836, 837-838 [2006]). Thus, the Supreme Court correctly refused to consider certain extrinsic evidence proffered by the defendant concerning the parties' alleged intent as to that provision's conditions for the early termination of his maintenance obligation (see Herzfeld v Herzfeld, 50 AD3d 851, 851-852 [2008]; Clark v Clark, 33 AD3d at 837-838; Shea v McFadden, 227 AD2d 543, 544 [1996]). Furthermore, the Supreme Court properly found that none of those conditions had occurred since, inter alia, the evidence at the hearing showed that one of the parties' children was attending high school at the time the defendant stopped paying maintenance and, at that time, the defendant's maintenance obligation could only have terminated if

he "pa[id] the costs of both children . . . to attend private colleges."

The defendant's remaining contentions either are without merit or have been rendered academic in light of our determination. Covello, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.