■ HARRY DUBIN, Appellant, v AVIVA (DUBIN) DRESCHER, Respondent. [938 NYS2d 547]—

Plaintiff failed to establish his inability to pay the basic child support he owes (*see Matter of Powers v Powers*, 86 NY2d 63, 69-70 [1995]). He did not show that he has suffered a diminution in his lifestyle (*see id.*). He did not show that he has made reasonable efforts to obtain gainful employment (*see Matter of Maria T. v Kwame A.*, 35 AD3d 239 [2006]).

However, calculating plaintiff's support obligations based on his actual income, pursuant to the settlement agreement, we find that the amount due to defendant, including certain reimbursed expenses, is $99,955. The contract does not provide that plaintiff's support obligations will not be readjusted if he fails to provide defendant with the documentation necessary to determine his income, and we may not rewrite the contract so to provide (*see Fiore v Fiore*, 46 NY2d 971 [1979]). Moreover, our construction is consistent with the parties' conduct (*see Muzak Corp. v Hotel Taft Corp.*, 1 NY2d 42, 47 [1956]).

As the record demonstrates that defendant has been prejudiced by plaintiff's failure to pay his support obligations for approximately three years and that she is otherwise without recourse to collect the amount owed, we find that the pay-off schedule directed by the court was reasonable.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Andrias, J.P., Saxe, Acosta, Freedman and Richter, JJ.