■ THOMAS HEYDT-BENJAMIN, Respondent, v AVA DAWN HEYDT-BENJAMIN, Appellant. [6 NYS3d 582]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Putnam County (Nicolai, J.), dated April 5, 2013, as, upon a decision of the same court, also dated April 5, 2013, made after a nonjury trial, denied her application for equitable distribution of the plaintiff's enhanced earnings and pension, determined that her student loan debt was not marital debt, and denied her an award of maintenance and an attorney's fee.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court properly concluded that the defendant failed to present evidence of any enhanced earning capacity

from the plaintiff's graduate degree. The "valuation of a professional degree or license is largely dependent upon expert testimony, and it is for the trial court to 'evaluate this testimony, assign to it [the] weight the court believe[s] it deserve[s] and arrive at determinations that were supported by the credible evidence introduced at trial' " (*Esposito-Shea v Shea*, 94 AD3d 1215, 1215-1216 [2012], quoting *Evans v Evans*, 55 AD3d 1079, 1080 [2008]). Here, the defendant failed to timely engage an expert to evaluate that degree (*see* 22 NYCRR 202.16 [g]). Furthermore, the Supreme Court properly concluded that there was insufficient evidence presented to support the defendant's application for equitable distribution of the plaintiff's pension. The document which the defendant sought to admit to show the existence of a pension was written in German and not accompanied by the requisite translator's attestation (*see Martinez v 123-16 Liberty Ave. Realty Corp.*, 47 AD3d 901, 902 [2008]; CPLR 2101 [b]). In addition, the court properly determined that the defendant alone was required to bear the obligation of repayment of the balance of her student loan because no benefit inured to the marriage (*see Dashnaw v Dashnaw*, 11 AD3d 732, 735 [2004]; *see also Mahoney-Buntzman v Buntzman*, 12 NY3d 415, 422 n [2009]).

The Supreme Court did not improvidently exercise its discretion in declining to award maintenance to the defendant. The amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts (*see Lubrano v Lubrano*, 122 AD3d 807, 808 [2014]; *DiBlasi v DiBlasi*, 48 AD3d 403 [2008]; *Griggs v Griggs*, 44 AD3d 710 [2007]; *Wortman v Wortman*, 11 AD3d 604, 606 [2004]). Here, the defendant admitted at trial that she had been cohabiting with her boyfriend and their child for more than two years, and that she received adequate economic support (*cf. Clark v Clark*, 33 AD3d 836, 838 [2006]; *Matter of Ciardullo v Ciardullo*, 27 AD3d 735, 736 [2006]; *Matter of Emrich v Emrich*, 173 AD2d 818, 819 [1991]; *Scharnweber v Scharnweber*, 105 AD2d 1080 [1984], *affd* 65 NY2d 1016 [1985]).

The Supreme Court did not improvidently exercise its discretion in denying the defendant's application for an award of an attorney's fee (*see* Domestic Relations Law § 237 [a]). Both parties incurred substantial debt for attorney's fees, some of which was caused by the defendant unnecessarily prolonging the litigation (*see Vitale v Vitale*, 112 AD3d 614, 615 [2013]; *Ciampa v Ciampa*, 47 AD3d 745, 748 [2008]; *Beth M. v Joseph M.*, 12 Misc 3d 1188[A], 2006 NY Slip Op 51490[U] [Sup Ct, Nassau

County 2006]). Rivera, J.P., Dickerson, Chambers and Barros, JJ., concur.