Stubbs v Facey (2018 NY Slip Op 01632)





Stubbs v Facey


2018 NY Slip Op 01632


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2015-09069
 (Index No. 21830/11)

[*1]Gina R. Stubbs, appellant, 
v
Dalkeith G. Facey, respondent.


Gina Stubbs, suing herein as Gina R. Stubbs, Midland, Texas, appellant pro se.
Dalkeith Facey, sued herein as Dalkeith G. Facey, Massena, NY, respondent pro se.



DECISION & ORDER
Appeal from a judgment of divorce of the Supreme Court, Suffolk County (John Iliou, J.), dated May 29, 2015. The judgment, insofar as appealed from, upon a decision of that court dated December 18, 2014, made after a nonjury trial, directed the plaintiff to maintain a life insurance policy naming the parties' child as beneficiary and the defendant as trustee of the policy funds, and awarded the plaintiff the sum of only $294,400 as her equitable share of the defendant's enhanced earning capacity from his medical license.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The parties were married on August 4, 2001. During the course of their marriage, they had one child, born in 2004. The plaintiff commenced this action for a divorce and ancillary relief in July 2011. Following a nonjury trial, the Supreme Court, inter alia, directed each party to maintain a life insurance policy naming the parties' child as beneficiary and the other party as trustee of the insurance policy funds, and awarded the plaintiff the sum of $294,400 as her equitable share of the defendant's enhanced earning capacity from his medical license. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court properly directed the plaintiff to maintain a life insurance policy naming the parties' child as beneficiary and the defendant as trustee of the insurance policy funds (see Geller v Geller, 69 AD3d 563, 564; Peri v Peri, 2 AD3d 425).
Further, in valuing and equitably distributing the defendant's enhanced earning capacity from his medical license, which was earned during the marriage, the Supreme Court properly took into consideration the marital portion of the defendant's student loan debt in determining his enhanced earning capacity (cf. Heydt-Benjamin v Heydt-Benjamin, 127 AD3d 814, 815).
MASTRO, J.P., CHAMBERS, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court