Prosperum Capital Partners LLC v YHWH Brands LLC (2024 NY Slip Op 50124(U))

[*1]

Prosperum Capital Partners LLC v YHWH Brands LLC

2024 NY Slip Op 50124(U)

Decided on February 2, 2024

Supreme Court, Kings County

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 2, 2024
Supreme Court, Kings County

Prosperum Capital Partners LLC, DBA ARSENAL, Plaintiff,

against
YHWH Brands LLC DBA YHWH BRANDS, AND AMANDA MUNCY, Defendants.

Index No. 508698/2023

Attorney for Plaintiff 
AWN&R Commercial Law Group, PLLC 
By: Jeffrey Parrella, Esq 
14 Wall Street, 20th Floor
New York, NY 10005
718-233-2916 
Email: lit@awnrlaw.com
Defendant Amanda Muncy
Appeared pro se

Francois A. Rivera, J.

Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed on August 23, 2023, by Prosperum Capital Partners LLC D/B/A Arsenal (hereinafter the plaintiff) for an order pursuant to CPLR 3212 granting summary judgment in its favor on its causes of action for breach of contract, breach of a guaranty agreement and attorney's fees against YHWH Brands LLC D/B/A YHWH Brands (hereinafter the LLC defendants) and Amanda Muncy (hereinafter jointly the defendants). The motion is unopposed.
-Notice of Motion
-Statement of Material Facts
-Affirmation in Support
-Affidavit in Support
-Exhibits A-E
BACKGROUND
On March 31, 2023, plaintiff commenced the instant action by filing a summons and verified complaint with the Kings County Clerk's office (KCCO). On May 5, 2023, defendant Amanda Muncy interposed and filed an answer with the KCCO. The LLC defendants did not appear nor interpose an answer to the verified complaint. 
The verified complaint alleges thirty-two allegations of fact in support of three denominated causes of action. The first is for breach of contract, the second is for breach of a guaranty agreement, and the third is for attorney's fees based on an alleged breach of the agreement.
The verified complaint alleges the following salient facts. Pursuant to a receivable purchase agreement (hereinafter the agreement) and personal guaranty dated November 3, 2022, the plaintiff purchased from the LLC defendant its future accounts receivable having a face value of $23,350.00.
On or about November 3, 2023, the LLC defendant, in consideration of the sum of $15,000.00, sold, assigned, and transferred to plaintiff seventeen (13%) percent of its future sales proceeds, up to an aggregate amount of $ 23,350.00. By the agreement, Amanda Muncy executed a personal guarantee if the LLC defendant defaulted on the agreement.
On January 10, 2023, the LLC defendant defaulted under the agreement by failing to remit its sales proceeds to the plaintiff as provided for in the agreement. In total, the LLC defendant remitted the amount of $ 10,855.86 in accordance with the agreement, leaving a balance of $ 11, 494.14 remaining due and owing. Amanda Muncy did not pay the amount due although duly demanded. The plaintiff claims that there is now due and payable to plaintiff, by the defendants, the principal balance sum of $ 22,089.14, as well as attorney's fees of $2,873.54 resulting in a total sum of $24,962.68.
LAW AND APPLICATION
YHWH Brands LLC D/B/A YHWH Brands did not appear or answer the verified complaint. There is, therefore, no joinder of issue as against the LLC defendant. The Supreme Court is powerless to grant summary judgment on the complaint prior to joinder of issue (see CPLR 3212[a]; Union Turnpike Associates, LLC v Getty Realty Corp., 27 AD3d 735 [2nd Dept 2006]; Chakir v. Dime Sav. Bank of NY, 234 AD2d 577 [2nd Dept 1996]).
Although Amanda Muncy answered the verified complaint, she did not submit opposition to the instant motion. However, a summary judgment motion should not be granted merely because the party against whom judgment is sought failed to submit papers in opposition to the motion, i.e. defaulted (Liberty Taxi Mgt., Inc. v Gincherman, 32 AD3d 276, 278 n [1st Dept 2006], citing Vermont Teddy Bear Co., v 1800 Beargram Co., 373 F3d 241 [2nd Cir 2004] [the failure to oppose a motion for summary judgment alone does not justify the granting of summary judgment. Instead, the ... court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law]; see Cugini v System Lumber Co., Inc., 111 AD2d 114 [1st Dept 1985]).
It is well established that summary judgment may be granted only when no triable issue of fact exists (Alvarez v Prospect Hospital, 68 NY2d 320 [1986]). The burden is upon the moving party to make a prima facie showing that he or she is entitled to summary judgment as a matter of law by presenting evidence in admissible form demonstrating the absence of material facts (Guiffirda v Citibank, 100 NY2d 72 [2003]).
A failure to make that showing requires the denial of the summary judgment motion, regardless of the adequacy of the opposing papers (Ayotte v Gervasio, 81 NY2d 1062 [1993]). If prima facie showing has been made, the burden shifts to the opposing party to produce evidentiary proof sufficient to establish the existence of material issues of fact (Alvarez, 68 NY2d at 324).
Pursuant to CPLR 3212 (b), a court will grant a motion for summary judgment upon a determination that the movant's papers justify holding, as a matter of law, that there is no defense to the cause of action or that the cause of action or defense has no merit. Furthermore, all of the evidence must be viewed in the light most favorable to the opponent of the motion (Marine Midland Bank v Dino & Artie's Automatic Transmission Co., 168 AD2d 610 [2nd Dept 1990]).
In the case at bar, the only sworn testimony submitted by the plaintiff in support of the motion was an affirmation of Jeffrey Parella, its counsel (hereinafter Parella), and an affidavit of Marlen Kruzhkov, its managing member (hereinafter Kruzhkov). Parella's affirmation demonstrated no personal knowledge of any of the transactional facts alleged in the complaint. An attorney's affirmation that is not based upon personal knowledge is of no probative or evidentiary significance (Nerayoff v Khorshad, 168 AD3d 866, 867 [2d Dept 2019], citing Warrington v Ryder Truck Rental, Inc., 35 AD3d 455, 456 [2d Dept 2006]). Parella's affirmation states that the facts in support of the motion are contained in the affidavit of Kruzhkov. 
It is noted that Kruzhkov verified the complaint in the instant action. Neither the verified complaint nor the affidavit of Kruzhkov averred that the agreed-upon purchase price of $15,000.00 for the defendant's future receivables was actually paid to the LLC defendant. Nor did the plaintiff's evidentiary submission demonstrate that it was paid. Kruzhov avered that annexed as exhibit B to the motion was proof of the plaintiff's funding of the purchase price. The annexed document, however, contained only two lines and part of those lines were redacted. The document contained a typed entry stating the word "checking" and the amount of $14,100.00 and nothing else. The document, however, was neither explained, nor authenticated nor probative of anything. 
The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach (see Cruz v Cruz, 213 AD3d 805 [2nd Dept 2023]).
To prevail on the instant motion, it was incumbent upon the plaintiff to prove each of these elements as a matter of law. The plaintiff provided no evidence demonstrating that it performed its part of the agreement by paying the defendants the agreed-upon purchase price. Consequently, the plaintiff did not meet its burden of demonstrating as a matter of law that the defendants breached the agreement. Inasmuch as the plaintiff did not make a prima facie showing that the LLC defendant breached the agreement, the obligation of the guarantor was not triggered. As a result, the plaintiff also failed to show that the guarantor breached the agreement.
Inasmuch, as the plaintiff failed to demonstrate that the LLC defendant or Amanda Muncy breached the agreement, the third cause of action for attorney's fees based on a breach of the agreement is also unsupported. The motion is therefore denied without regard to the sufficiency or lack of opposing papers (Cugini v. System Lbr. Co., 111 AD2d 114 [1st Dept 1985]).
CONCLUSION
The branch of the motion by Prosperum Capital Partners LLC D/B/A Arsenal for an order pursuant to CPLR 3212 granting summary judgment in its favor on its causes of action for breach of contract, breach of a guaranty agreement and attorney's fees as against YHWH Brands LLC D/B/A YHWH Brands is denied as premature.
The branch of the motion by Prosperum Capital Partners LLC D/B/A Arsenal for an order pursuant to CPLR 3212 granting summary judgment in its favor on its causes of action for breach of contract, breach of a guaranty agreement and attorney's fees as against Amanda Muncy is denied.
The foregoing constitutes the decision and order of the Court.
ENTER
J.S.C.